**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SHALINDA SHUNTA KENDRICKS,** *Plaintiffs,* | § | |
| ***v.*** | § | **CASE NO. 6:23-CV-783-ADA-DNM** |
| **THE STATE OF TEXAS, JERRARD SMITH, AMY DYER, RONDA SWAIM, SANDRA DILLETT, MARISSA KLECKA, ASHLEY HANEY, and SAMANTHA MARX,** *Defendants.* | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Dan N. MacLemore regarding Defendants' Motion to Dismiss Plaintiff Shalinda Shunta Kendricks's First Amended Complaint (Dkt. No. 23). Dkt. No. 51. The Report and Recommendation was filed August 6, 2026, and recommends that Defendants' Motion to Dismiss (Dkt. No. 23) be granted. This Court hereby adopts Judge MacLemore's Recommendations.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing de novo review by the district court. 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Plaintiff filed objections to Judge MacLemore's Report and Recommendations, along with a motion to disqualify the undersigned as well as Judge MacLemore and a motion to change venue

pursuant to 28 U.S.C. § 1404(a). Dkt. No. 52. Specifically, Plaintiff argues that Judge MacLemore defended certain defendants in a separate lawsuit initiated by her mother, wherein the undersigned was a named defendant. *See id.* at 2-4 (citing *Kendricks v. USA Department of Justice et al*, No. 6:23-cv-00701 (W.D. Tex. Oct. 10, 2023)). Plaintiff argues that because of her mother's lawsuit, the undersigned and Judge MacLemore should both be disqualified and her own suit should be transferred to the United States District Court for the District of Columbia. *See id.* at 5-6. Plaintiff argues a transfer is necessary because several Fifth Circuit Judges and a Fifth Circuit Clerk were all named defendants in her mother's case, in addition to the undersigned. *See id.* at 6.

The Court first addresses Plaintiff's new arguments regarding disqualification and transfer before turning to its *de novo* review of the merits of Plaintiff's action. District judges must recuse themselves when their "impartiality might reasonably be questioned." *United States v. Page*, 181 F.4th 509 (5th Cir. 2026) (quoting 28 U.S.C. § 455(a)). The relevant statute also lists a set of specific circumstances in which district judges must recuse themselves. *Id.* (citing § 455(b)). Plaintiff's mother's lawsuit arose out of alleged breaches of contracts for legal representation and involved none of the defendants in the present lawsuit. *See Kendricks v. USA Department of Justice et al*, No. 6:23-cv-00701, Compl. Dkt. No. 1 (W.D. Tex. Oct. 10, 2023). Judge MacLemore has therefore had no involvement with any of the present defendants or any prior involvement with the facts at issue in Plaintiff's own case. The undersigned was recused in Plaintiff's mother's action because he was a named defendant. *See id.* Dkt. No. 20 (Order of Recusal). Otherwise, the undersigned had no involvement with the mother's lawsuit that would impact the present proceedings. The Court finds that Plaintiff has not presented an adequate reason for recusal in this lawsuit because nothing in her mother's lawsuit has presented a reason for Judge

MacLemore's or the undersigned's impartiality to reasonably be questioned in this matter. Plaintiff's motion for disqualification is therefore denied.

Additionally, the Court finds that Plaintiff's motion to transfer this action to the District Court for the District of Columbia should be denied. Section 1404(a) allows district courts to, on motion, transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice." *In re Trubridge, Inc. v. Hosp. Serv. Dist. No. 1 of the Par. of Lasalle*, No. 25-30727, 2026 WL 252660, at *4 (5th Cir. Jan. 30, 2026) (quoting 28 U.S.C. § 1404(a)). "A 'district court should grant a motion to transfer venue under [section] 1404(a)' when 'the movant demonstrates that the transferee venue is clearly more convenient.' " *Id.* (citations omitted). Plaintiff's reasons for seeking a transfer of this action arise from her mother's lawsuit that involved several Fifth Circuit Judges and Fifth Circuit Clerks. Just as the undersigned and Judge MacLemore do not need to be disqualified based on Plaintiff's mother's unrelated action, Plaintiff does not demonstrate why the individuals at the Fifth Circuit would be impacted by an unrelated action involving different facts and wherein Plaintiff herself was not a party. Plaintiff does not demonstrate a good reason for this case to be transferred to another judicial district for purposes of appeal. Plaintiff fails to demonstrate that a transfer would be clearly more convenient. The Court therefore finds that Plaintiff's motion to transfer should be denied.

The Court has conducted a *de novo* review of the Complaint as well as the First Amended Complaint, the Report and Recommendation, the objections to the Report and Recommendation, and the applicable laws and record of the case. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted. Juge MacLemore's thorough analysis of the lack of subject matter jurisdiction is accurate. Further, the Court finds that Plaintiff fails to adequately support the merits of her claims that are not jurisdictionally barred,

and that they should therefore be dismissed under Rule 12(b)(6). The Court overrules Plaintiff's objections and adopts Judge MacLemore's Report and Recommendations.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Dan N. MacLemore, Dkt. No. 51, is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff Shalinda Shunta Kendricks's First Amended Complaint (Dkt. No. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Disqualification and Transfer (Dkt. No. 52) are **DENIED.**

**IT IS FINALLY ORDERED** that all other pending motions in this case are hereby **MOOT** in light of the Court's dismissal of Plaintiff's action. The Clerk's Office is respectfully directed to moot all other pending motions.

Final judgment will issue separately.

**IT IS SO ORDERED.**

**SIGNED** on August 24, 2026.



ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE